IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC EWELL, | ) |
| | ) No. 2:21-cv-01543 |
| *Petitioner*, | ) |
| | ) |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| MICHAEL CARVAJAL, Director of | ) |
| the Federal Bureau of Prisons, | ) |
| | ) |
| *Respondent*. | |

**MEMORANDUM OPINION**[1]

Pending before the Court is a petition for writ of habeas corpus filed by Petitioner Eric Ewell[2] ("Petitioner") pursuant to 28 U.S.C. § 2241. (ECF No. 1.) He claims that the Federal Bureau of Prisons ("BOP") is wrongfully depriving him 750 days of Earned Time Credit towards his sentence in violation of the First Step Act of 2018,[3] as well as the Fifth, Eighth and Fourteenth Amendments of the United States Constitution. He requests that the Court direct the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

[2] Petitioner was convicted in the United States District Court for the Western District of Pennsylvania of Conspiracy to Distribute and Possession with Intent to Deliver 1 Kilogram or More of Heroin. On May 31, 2016, he was sentenced to serve a term of incarceration of 144 months with 5 years of supervised release to follow. (ECF No. 8-1, ¶ 3.) At the time he filed his petition in this case, Petitioner was serving the remainder of his 144-month sentence on home confinement supervised by the Pittsburgh Residential Reentry Management Office. (ECF No. 1, ¶ 1.)

[3] The First Step Act was signed into law on December 21, 2018. Among other things, the First Step Act amended 18 U.S.C. § 3621, which is the statute that governs the calculation of federal sentences. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). Pursuant to the First Step Act, the BOP created a risk and needs assessment system titled "Prisoner Assessment Tool Targeting Estimated Risk and Needs" ("PATTERN") to classify inmates' risk of recidivism, match inmates with programs intended to lower that risk and then offer incentives, such as Earned Time Credits, to inmates for completion of such programs. Importantly, Earned Time Credits are only applied toward prerelease custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(C). Petitioner's argument that he is entitled to 750 days of Earned Time Credit is premised on the assertion that the BOP has an obligation to award him Earned Time Credit for programs he completed prior to January 15, 2022, the date by which the BOP was required to fully implement the risk and needs assessment system. *See* (ECF No. 1, ¶¶ 28-29) (citing Goodman v. Ortiz, 2020 WL 5015613 (D.N.J. Aug. 25, 2020)).

BOP to adjust his sentence computation accordingly, which he claims would result in an immediate transfer from home confinement to the supervised release portion of his sentence. Respondent[4] argues that this Court should dismiss the petition because Petitioner has not exhausted his administrative remedies, and his claim is nonetheless moot because he has already been transferred to prelease custody.

Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. Art. III, § 2; *see* Chong v. District Dir., I.N.S., 264 F.3d 378, 383 (3d Cir. 2001) ("[T]he exercise of judicial power depends upon the existence of a case or controversy.").  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted).  *See also* Steffel v. Thompson, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the *continuing* existence of a live and actual controversy") (emphasis in original).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). A court's ability to grant effective relief lies at the heart of the mootness doctrine. County of Morris v. Nationalist Mvmt., 273 F.3d 527, 533 (3d Cir. 2001); *see also* In re Material Witness

---

[4] Petitioner incorrectly named Michael Carvajal as the Respondent in this matter.  The proper respondent in a Section 2241 habeas petition is the person who has immediate custody over the petitioner.  *See* Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994) (citing Ex Parte Endo, 323 U.S. 283, 306 (1944)).  The proper Respondent here is Anthony D. Mari, Residential Reentry Manager for the Pittsburgh Residential Reentry Management Office.

Warrant Nichols, 77 F.3d 1277, 1279 (10th Cir. 1996) (noting that mootness means that it would be impossible to grant the petitioner any meaningful relief on his claims). Thus, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

The Court notes that the sole relief Petitioner is seeking in his petition is an order directing the BOP to credit him with 750 days of Earned Time Credit and immediately transfer him from home confinement to his period of supervised release. However, according to the BOP's Inmate Locator, which is available online and of which this Court may take judicial notice, Petitioner was released from home confinement to his period of supervision on October 20, 2022.[5] The petition is therefore moot and will be dismissed accordingly.[6][7] See Spencer v. Kemma, 523 U.S. 1, 18 (1998) ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."). An appropriate Order follows.

Dated:  June 14, 2023.                           /s/ Lisa Pupo Lenihan
                                                 Lisa Pupo Lenihan
                                                 United States Magistrate Judge

---

[5] This fact is corroborated by filings in Petitioner's criminal case. See ECF No. 918 at Criminal No. 13-125 (W.D. Pa.).

[6] For this reason, the Court declines to consider Respondent's argument that the petition should be dismissed because Petitioner did not exhaust his administrative remedies.

[7] 28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, the Court makes no certificate of appealability determination in this matter.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC EWELL, | ) | |
| | ) | No. 2:21-cv-01543 |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| MICHAEL CARVAJAL, Director of | ) | |
| the Federal Bureau of Prisons, | ) | |
| | ) | |
| *Respondent*. | | |

# ORDER

**AND NOW**, this 14th day of June 2023;

**IT IS HEREBY ORDERED** that, for the reasons set forth in the accompanying Memorandum Opinion, the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED as moot**.

**AND IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:  Eric Ewell
     1958 Waite Street
     Pittsburgh, PA  15210

     Counsel of record
     (Via CM/ECF electronic mail)